IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARCUS M. ALLEN,

   Plaintiff,

v.

MCTC, et al.,

   Defendants.

Civil Action No.:  MJM-25-517

**MEMORANDUM**

Plaintiff Marcus M. Allen, who is incarcerated at North Branch Correctional Institution, has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).  Because Plaintiff appears indigent, his request to proceed without pre-payment of the filing fee is granted.  In addition, the Complaint,[1] filed pursuant to 42 U.S.C. § 1983, has been reviewed by the Court with respect to the criteria set forth in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Sections 1915(e)(2)(B) and 1915A of Title 28 of the United States Code require the Court to conduct an initial screening of this complaint.  The Court is required to dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Plaintiff alleges that the Maryland Correctional Training Center ("MCTC"), Jessup Correctional Institution ("JCI"), and Western Correctional Institution ("WCI") conspired to "bring down the plaintiff['s] level and status in this Entertainment Industry by strategically sabotaging

---

[1] A deficiency notice was issued directing Plaintiff to file a signed copy of his Complaint.  ECF No. 3.  Plaintiff filed a signed complaint on March 3, 2025.  It is similar but not identical to the original. ECF No. 5. However, upon further review, Plaintiff's original filing did include his signature (ECF No. 1-2 at 6).  The Court will consider both pleadings in its screening of Plaintiff's claims.

his programming and rehabilitation in this Maryland system." ECF No. 5 at 1. He states that he was kicked out of a program because of a fist fight in which he was involved, even though he contends this behavior is expected in prison. *Id.* Plaintiff was also transferred to MCTC from Patuxent Institution as a result. *Id.* He asserts that he was then framed for murder at MCTC and wrongly accused of rape by another inmate. *Id.* Plaintiff seeks compensation for the "blow to [his] career and brand" as a result. *Id.* He then alleges that due to an "illuminati" deal he was supposed to sign with Universal Music Group becoming public, his family was "kidnapped and brought into MCTC basement to be sacraphised [sic] and treated as sex slaves…." *Id.* at 2; *see* ECF No. 1 at 2-3. He asserts that they were only released when he "made it big with Universal," but he remains incarcerated and treated as a slave. ECF No. 5 at 3.

For the reasons discussed below, Plaintiff's Complaint will be dismissed because it is frivolous under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). Factually frivolous claims involve "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (internal citations and quotation marks omitted). Nothing in Plaintiff's allegations suggests that they have any basis in reality. Rather, it appears they are the product of delusions or fantasy and cannot be addressed by this Court. Despite having reviewed both of the pleadings, the Court does not find any facts which lead to the plausible conclusion that any federal cause of action exists here. Therefore, the Complaint must be dismissed.

Plaintiff is forewarned that his right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C.

§§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1).  Specifically, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) may later be deemed a "strike" under the Act.  *Lomax v. Ortiz-Marquez*, 590 U.S. 594, 140 S.Ct. 1721, 1724 (2020); *see also* 28 U.S.C. § 1915(g); *Pitts v. South Carolina*, 65 F.4th 141 (4th Cir. 2023) (holding district court may not, at the time it dismisses a complaint under §1915(e), determine that the dismissal will count as a strike in the future application of § 1915(g)'s three strike rule).

       This case is dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous or malicious. A separate Order follows.


 __11/13/25__                                                            /S/
Date                                                           Matthew J. Maddox
                                                                     United States District Judge